REGAN, Judge.
Plaintiff, Freddie J. Clark, Jr., filed this suit against the defendant, The Thurston National Insurance Company, the automobile liability insurer of the Jefferson Parish Sheriff’s Department, endeavoring to recover the sum of $11,900 for personal injuries and property damages which he asserts were incurred as the result of a two car collision in the intersection of Jefferson Highway and Filmore Street in Jefferson Parish, Louisiana.
Plaintiff claims the accident was caused by the negligence of Deputy Sheriff Edward Ford in driving a patrol car from a stopped position in Filmore Street into the right side of plaintiff’s vehicle as he was proceeding in Jefferson Highway which is a favored street.
Defendant answered and denied the foregoing accusations of negligence. It explained that the plaintiff’s driver was responsible for the collision in that he began executing a right turn into Filmore Street from the highway and at some point during this maneuver changed to a left turn in an effort to continue in Jefferson Highway. According to the defendant it was during the execution of the left turn maneuver that plaintiff struck the stopped sheriff’s vehicle.
Defendant reconvened for $80.17, the amount it paid the sheriff’s department for property damage under the collision coverage in its policy. The sheriff’s department intervened asserting that the plaintiff was liable to it for $50.00, the amount it was not reimbursed by its insurer due to the deductible clause.
From a judgment dismissing plaintiff’s suit, he has prosecuted this appeal. Although the trial court did not pass on the reconventional demand or the intervenor’s claim, it is apparent that he intended to dismiss each demand since his written reasons for judgment reflect that both drivers were concurrently negligent.
The accident occurred during the night on a wet road. At the situs thereof, Jefferson Highway is a four lane roadway accommodating traffic moving in east-west directions. The two lanes designated for westbound traffic are divided from those for eastbound traffic by a two foot median. The westbound lanes from the median to the right edge of the roadway measure approximately 24 feet. Where Filmore Street intersects the westbound lanes traffic is regulated by a stop sign. The side street is approximately 24 feet in width and is composed of two undivided lanes, one for northbound traffic and one for southbound traffic.
*874 The plaintiff and the defense witnesses relate versions of the accident that are diametrically opposed. According' to the plaintiff he was driving in the right westbound lane of Jefferson Highway and, as he approached the intersection of Filmore, he slowed his vehicle because two cars, moving directly in front of his, turned right into Filmore Street. After they cleared the highway, he continued forward in the same lane and was struck on the right side by the Sheriff’s car as he was passing the intersection.
The operator of the defendant’s vehicle related that he was stopped in Filmore Street immediately before the accident. From this vantage point, he said, he noticed two vehicles approaching in the right lane of Jefferson Highway from his left. The first car turned right into Filmore Street and the second, driven by plaintiff, also began to execute a right turn with his right turn signal flashing. When the plaintiff was several feet into the turn, Ford said, he suddenly turned his vehicle back into the right lane of Jefferson Highway in a modified U-turn and collided with the left front of the police car. This version was corroborated by an independent witness.
The sheriff’s car was four feet into the right traffic lane of Jefferson Highway when the impact occurred. Photographs taken at the scene by another Jefferson Sheriff’s deputy indicate there was debris on the side of the left front tire.
Predicated upon the testimony and exhibits, the trial court concluded that both drivers were negligent, i. e., plaintiff in that he initiated a right turn maneuver and then suddenly turned left or back into the highway and the deputy, in that he started his vehicle forward while the turn was in process and failed to observe the plaintiff’s change of direction.
The only significant question which this appeal has posed for our consideration is whether that finding of fact is so erroneous and unsupported by the evidence as to warrant a reversal by us.
Plaintiff points out that some of the testimony elicited by the defense witnesses will tax our credulity. For example, the deputy assigned to investigate the accident for the sheriff’s department testified that the plaintiff appeared to be intoxicated and was staggering at the scene. Yet his report, filed immediately after the accident, omits this important fact. We agree with plaintiff’s observation that the credibility of the deputy on this point is questionable. Plaintiff further argues that the independent witness, who knew both drivers before the accident occurred, lied in order to assist the defendant. His motive for so doing is not apparent from the record.
Plaintiff’s version, while consistent, is not corroborated. He is a convicted felon.
Thus, while there are some discrepancies in the defense testimony, these are not sufficient to call into play the manifest error rule. It does not appear from the record that the trial court’s findings of fact are obviously incorrect.
For the reasons assigned, the judgment appealed from is amended to dismiss the reconventional demand and the intervenor’s claim, and in all other respects, the judgment appealed from is affirmed. Plaintiff is to pay the cost of this appeal.
Amended and affirmed.